JON M. SANDS
Federal Public Defender
LAURA LYNN SANDOVAL
CA Bar No. 337692
Assistant Federal Public Defender
250 North 7th Avenue, Suite 600
Phoenix, Arizona 85007
(602) 382-2700
Lauralynn_sandoval@fd.org
*Attorney for Defendant*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

United States of America,

Plaintiff,

vs.

Sabrina Yvonne Page,

Defendant.

No. CR-26-00228-003-PHX-SPL

**SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD VARIANCE**

The parties and Probation agree that a sentence of probation is appropriate in this case. Such a sentence would be a modest downward variance from the applicable guidelines range of 10 to 16 months—a variance justified by Ms. Page's history and characteristics and the nature and circumstances of the offense. *See* 18 U.S.C. § 3553(a). Ms. Page is a hardworking single mother and sole caretaker of her five-year-old son who has special needs. The offense was a one-time lapse in judgment motivated by difficult financial circumstances and quickly followed by acceptance of responsibility and remorse. Ms. Page respectfully requests that the Court follow the recommendation of Probation and sentence her to 24 months probation.

## BACKGROUND

Ms. Page was raised in Phoenix by her mother and stepfather. Her biological father left her life when she was a young child. At 23 years old, Ms. Page bore her first and

only child, who was later diagnosed with Level 3 Autism Spectrum Disorder. At age five, he is mostly non-verbal and struggles with sensory issues.

The father of Ms. Page's son has been absent for most of his life, providing no financial support. Ms. Page previously worked in retail and restaurants barely making enough to cover their basic needs. For a period, she and her son stayed in a shelter for single mothers. Since February 2026, she has held steady employment at Applebee's as a server. She now leases an apartment for herself and her son. Her manager at Applebee's describes her as "an amazing asset" to the team. Ms. Page also attends classes four days a week to obtain her GED.

Ms. Page has a history of caring for others in addition to her son. Notably, she cared for her sister, Alexis Garcia, prior to her death in July 2025. Garcia struggled with addiction to opioids, fentanyl, and alcohol. Ms. Page took Garcia in and tried repeatedly to help her get a handle on her life. Unfortunately, Garcia's addiction had progressed too far. Ms. Page returned home one day to find Garcia having a seizure due to drug overdose. She passed away shortly thereafter.

Leading up to the offense, Ms. Page had been involved in several negative and abusive romantic relationships. Of note, from 2022 to 2023 she was with a man who would call her names, slap her across the face, and throw her across the floor. Not long after that relationship, she became involved with co-defendant Victor Hugo Martinez-Rodriguez, who she met at a party. He manipulated her into purchasing firearms for him on one occasion.

On April 27, 2024, Ms. Page accompanied Martinez-Rodriguez and co-defendant Elvira Sanchez to the Crossroads of the West Gun Show in Phoenix. Martinez-Rodriguez and Sanchez picked her up at her apartment. She had never met Sanchez before. Martinez-Rodriguez directed Ms. Page to purchase five firearms. He gave her cash and identified the firearms he wanted her to purchase. Ms. Page stated on ATF Forms 4473

that she was the actual buyer of the firearms while she was purchasing them for Martinez-Rodriguez. After completing the purchases, Ms. Page left the gun show with Sanchez and Martinez-Rodriguez. They were pulled over by ATF down the street from the gun show and the firearms were seized.

During this stop, Ms. Page consented to an interview with ATF. She admitted to misrepresenting on ATF Forms 4473 that she was the actual buyer of the firearms when in fact she was purchasing for Martinez-Rodriguez. She also said that she did this because Martinez-Rodriguez promised to pay her, though she was never paid. A couple weeks after the gun show, investigators approached Ms. Page at her home. She consented to an interview and again admitted her involvement in the offense. She confirmed that her involvement was financially motivated. She has not had any contact with Martinez-Rodriguez or purchased firearms since the offense.

Ms. Page was arrested on March 19, 2026 and ordered released the next day. She has fully complied with the conditions of pretrial release, including maintaining steady employment and submitting negative drug tests. On August 10, 2026, Ms. Page pled guilty to making a material false statement during the purchase of a firearm in violation of 18 U.S.C. §§ 922(a)(6), 924(a)(2). Under the plea agreement, the government agrees to recommend a sentence of probation. The Presentence Investigation Report states that Ms. Page's total offense level is 12 and guidelines range is 10-16 months. The PSR recommends a sentence of 24 months probation. Ms. Page agrees with Probation's guidelines calculation and sentencing recommendation.

**ARGUMENT**

A sentence of probation is warranted by the 18 U.S.C. § 3553(a) factors, specifically the nature and circumstances of the offense and Ms. Page's history and characteristics.

The offense was a one-time mistake for which Ms. Page took responsibility immediately.  She was 25 years old and vulnerable to manipulation by Martinez-Rodriguez, with whom she had a sexual relationship.  As a single and struggling mother, she was also lured by the financial incentive.  She purchased multiple military-grade firearms, which makes the offense serious.  But the transactions all occurred in a span of a couple hours and never again.

Ms. Page's life before and after the offense demonstrates that her behavior was out of character.  She has only one prior misdemeanor conviction for minor in possession of alcohol when she was 19.  After getting caught for this offense, she was immediately forthcoming and has been consistently so, demonstrating that she appreciates the seriousness of the offense and is remorseful.  In the more than two years since the offense, she has worked hard to build a stable life for herself and her son.  She lives on her own in an apartment, holds steady employment, and a vehicle.  Raising her son is particularly demanding because of his disability, which she attends to through taking him to treatment multiple times a week.

Those close to Ms. Page have observed her resilience and perseverance through single motherhood and other challenges.  Her stepfather describes her as a "good big-hearted soul," who "loves her son immensely and will stand by her family – win, lose, or draw."  He further observes, "She may not have always chosen an easy path, but the path she walked did provide the life lessons I think she needed and made her the person she is today."  Letter from Frank Arriola.

At 28, Ms. Page continues to strive to build a better life for herself and her son. She is enrolled in courses to complete her GED in hopes of pursuing better employment. Although a felony conviction will limit her opportunities, it will not deter her from bettering herself.  This conviction is sufficient punishment to promote respect for the law and deterrence.  The conditions of probation will provide accountability and resources to

help Ms. Page continue to be a law-abiding and productive member of society, while allowing her to remain the sole caretaker of her special needs child.

**CONCLUSION**

For the foregoing reasons, Ms. Page respectfully requests that the Court impose a sentence of 24 months probation.

Respectfully submitted: September 17, 2026.

JON M. SANDS
Federal Public Defender

*s/Laura Lynn Sandoval*
LAURA LYNN SANDOVAL
Asst. Federal Public Defender